FILED
2008 Sep-15  AM 09:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| LINDA POE, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| vs. | } | CASE NO. CV 07-B-0113-S |
| | } | |
| HEALTHBRIDGE MANAGEMENT, INC., | } | |
| | } | |
| Defendant. | } | |
| _____ | } | |
| | } | |
| HEALTHBRIDGE MANAGEMENT, INC., | } | |
| | } | |
| Third Party Plaintiff, | } | |
| | } | |
| vs. | } | |
| | } | |
| ALPINE MANOR, INC.; BRIARCLIFF NURSING HOME, INC.; ELM CREEK OF INTEGRATED SERVICES, INC.; FIRELANDS OF INTEGRATED HEALTH SERVICES, INC.; INTEGRATED HEALTH SERVICES OF CLIFF MANOR, INC.; INTEGRATED HEALTH SERVICES OF RIVERBEND, INC.; PEARL BENEFITS GROUP, INC.; and SPRING CREEK OF INTEGRATED HEALTH SERVICES, INC., | } | |
| | } | |
| Third Party Defendants. | } | |

**MEMORANDUM OPINION**

This cause is currently before the court on Third Party Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted, (doc.14),[1] Plaintiff's Motion for Leave to Amend Complaint, and Second Motion for Leave to Amend Complaint (docs. 29, 35), and Healthbridge Management, Inc.'s ("Healthbridge") Motion to Dismiss Third Party Complaint (doc. 34).  Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that Plaintiff's Second Motion for Leave to Amend Complaint is due to be granted, the first Motion for Leave to Amend Complaint is due to be denied as moot, Healthbridge's Motion to Dismiss Third Party Complaint is due to be granted, and Third Party Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted is due to be denied as moot.

I.      **MOTIONS TO FOR LEAVE TO AMEND COMPLAINT**

Plaintiff's Motion for Leave to Amend Complaint came before the court for hearing on February 21, 2008.  Pursuant to the court's discussion with counsel during the February 21, 2008 hearing, Plaintiff filed a Second Motion for Leave to Amend Complaint, along with a proposed First Amended Complaint attached thereto as Exhibit 1. (Doc. 35.)  By way of amending her Complaint, Plaintiff seeks to achieve the following: (1) to add as primary defendants: Briarcliff Nursing Home, Inc. ("Briarcliff"); Pearl Benefits Group, Inc. ("Pearl"); Integrated Health Services of Cliff Manor, Inc., Integrated

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

Health Services at Riverbend, Inc., Integrated Health Services at Somerset Valley, Inc., Alpine Manor, Inc., Integrated Health Group, Inc., Spring Creek of Integrated Health Services, Inc., Firelands of Integrated Health Services, Inc., Elm Creek of Integrated Health Services, Inc., (collectively "IHS Entities"); Integrated Health Services Long Term Care Services, Inc. ("IHS"); and ABE Briarwood Corporation ("ABE"); and Tri-State Healthcare of Alabaster, LLC ("Tri-State"); and (2) to dismiss, by omission, any and all claims against Healthbridge Management, Inc. ("Healthbridge").  (*See* Doc. 35, ¶¶ 1, 2.)  Plaintiff's Second Motion for Leave to Amend Complaint is unopposed.

## II.     MOTION TO DISMISS THIRD PARTY COMPLAINT

Pursuant to the court's discussion with counsel on February 21, 2008 and in anticipation of its dismissal as a defendant in this action, Healthbridge filed a Motion to Dismiss its Third Party Complaint.  (Doc. 34.)  The Motion is due to be granted.  Accordingly, Third Party Defendants' Motion to Dismiss Third Party Complaint for Failure to State a Claim Upon Which Relief May be Granted (doc. 14) is moot.

## III.    CONCLUSION

In accordance with the forgoing, Plaintiff's Second Motion for Leave to Amend Complaint is due to be granted, the first Motion for Leave to Amend Complaint is due to be denied as moot, Healthbridge's Motion to Dismiss Third Party Complaint is due to be granted, and Third Party Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted is due to be denied as moot.  An Order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this the 14th day of September, 2008.

                                                        */s/ Sharon Lovelace Blackburn*
                                                        SHARON LOVELACE BLACKBURN
                                                        CHIEF UNITED STATES DISTRICT JUDGE